IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| LINCOLN ROAD PRODUCTIONS, INC., <br><br>**Plaintiff**, <br><br> v. <br><br><br> THE REIGN ENTERTAINMENT GROUP, *et al.*, <br><br>**Defendants**. | **Civil NO.** 12-1895(JAG) |

**OPINION AND ORDER**

Garcia-Gregory, D.J.

Before the Court is a Motion for Attorney's Fees filed by Lincoln Road Productions, Inc. ("Lincoln" or "Plaintiff"). (Docket No. 33). For the reasons stated below, the Motion is hereby **GRANTED**.

**BACKGROUND**

On September 8, 2014, Magistrate Judge Bruce McGiverin issued a Report and Recommendation ("R&R") in this case granting in part Plaintiff's request for Default Judgment. (Docket No. 26). On October 15, 2014, upon *de novo* review, the Court adopted the R&R allowing the Plaintiff to request attorneys' fees following the entry of Default Judgment. (Docket No. 29). In a separate order, this Court entered Default Judgment in favor of

Plaintiff. (Docket No. 30). On October 31, 2014, Plaintiff filed the present motion for attorneys' fees. (Docket No. 33). Plaintiff attests that it is entitled to attorneys' fees given the conduct of both Defendant The Reign Entertainment Group and Defendant Calvin Darden (collectively "Defendants").

The facts of this case, as alleged in the complaint and described in the record, were already discussed in detail in the R&R. Thus, the Court will proceed to the legal analysis of the merits related to the present motion.

## DISCUSSION

Generally, the prevailing party in a case must bear its own attorneys' fees and may not collect them from the losing party, unless there is an enforceable contract or a statutory provision providing for attorneys' fees. See Buckhannon v. West Va. Dept. of Health, 532 U.S. 598, 602 (2001). It is well established, however, that in the absence of a statutory or contractual provision, the prevailing party "may be entitled to attorneys' fees . . . when the losing party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" Rodriguez-Torres v. Gov't Dev. Bank of Puerto Rico, 708 F. Supp. 2d 195, 198 (D.P.R. 2010) (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 45-46 (1991)).

Since this is a case based on the Court's diversity jurisdiction, Puerto Rico state law governs. See Peckham v.

Continental Casualty Ins. Co., 895 F.2d 830, 841 (1st Cir. 1990) ("In a diversity case, state rather than federal law controls the question of attorneys' fees."). Specifically, Rules 44.1(d) and 44.3 of the Puerto Rico Rules of Civil Procedure provide the basis for an attorney's fee award in this case. P.R. Laws Ann. Tit. 32, App. III, Rule 44.1(d) and Rule 44.3; see also Navarro de Cosme v. Hospital Pavia, 922 F.2d 926, 934 (1st Cir.1991).

Puerto Rico Rule of Civil Procedure 44.1(d) states in relevant part, "In the event any party or its lawyer has acted obstinately or frivolously, the court *shall*, in its judgment, impose on such person the payment of a sum the payment of a sum for attorney's fees which the court decides corresponds to such conduct." (Emphasis added). On the other hand, Rule 44.3 relates to the award of prejudgment interest. The Rule states in relevant part:

> [T]he court *will* also impose on the party that has acted rashly the payment of interest at the rate fixed by the [Finance Board of the Office of the Commissioner of Financial Institutions] . . . , from the time the cause of action arises in every case of collection of money and from the time the claim is filed in actions for damages until the date judgment is pronounced, to be computed on the amount of the judgment. (Emphasis added).

The U.S. Court of Appeals for the First Circuit has stated that under both rules, "a losing party who has been 'obstinate' during the course of a lawsuit can be held liable for

prejudgment interest (if a money judgment has eventuated) and for its adversary's attorneys' fees." De Leon Lopez v. Corporacion Insular de Seguros, 931 F.2d 116, 126 (1st Cir. 1991). Consequently, a finding of obstinacy means that the prevailing party is entitled to attorneys' fees under Puerto Rico law.

In order for the Court to find that the losing party has been "obstinate," it must find that the party has been "unreasonably adamant or stubbornly litigious, beyond the acceptable demands of the litigation, thereby wasting time and causing the court and the other litigants unnecessary expense and delay." Id. at 126-127 (citations omitted). The Rules seek to penalize a party whose "stubbornness, obstinacy, rashness, and insistent frivolous attitude has forced the other party to needlessly assume the pains, costs, efforts, and inconveniences of a litigation." Top Entm't v. Torrejon, 351 F.3d 531, 533 (1st Cir. 2003) (quoting Fernandez v. San Juan Cement Co., 118 D.P.R. 713, 718 (1987)).

The Court finds that Defendants' conduct was "obstinate" because they forced Plaintiff to embark on needless procedures and a litigation that could have been avoided. See Fernandez, 118 D.P.R. at 718. In this case, Lincoln and Defendants had entered into an agreement to organize an exhibition game with professional players of the National Basketball Association to

be held on October 30, 2011 in San Juan, Puerto Rico. (Docket No. 26). By entering Default Judgment in favor of Plaintiff, the Court found that Defendants had failed to fulfill their contractual obligation of bringing the players together for the exhibition game. (Docket No. 26, 29).

In light of Defendants' noncompliance, the record includes various examples that support this Court's finding of obstinacy in the present case. First, Defendants failed to reimburse the expenses incurred by Lincoln in organizing the event, despite a promise to Plaintiff's representatives to do so. By failing to honor their promise to reimburse Plaintiff, they forced Plaintiff to retain counsel. (Docket No. 26, 33). Second, once Plaintiff retained counsel, Defendants once again engaged Plaintiff in negotiations to resolve the matter and reach an extrajudicial agreement. Id. The parties commenced out of court settlement discussions on November 4, 2011. (Docket No. 33; Ex. 1). Defendants once again misled Plaintiff and failed to honor their guarantees and assurances that they would reimburse Lincoln for the expenses without the need for the Court's intervention. Third, as a result of Defendants' stubbornness, Plaintiff was forced to file the Complaint in the present case and to initiate this litigation in federal court nearly after one year of settlement discussions. Id. Moreover, despite being properly served, Defendants failed to appear before this Court.

(Docket No. 15-16). Consequently, Plaintiff had to move for entry of default and prepare for the damages hearing in anticipation for the entry of Default Judgment.

Defendants' misleading and stubborn posture forced Plaintiff and this Court to spend time and resources in a litigation that could have been avoided. Furthermore, the type of obstinacy present in this case forced Plaintiff "to needlessly assume the costs, efforts, and inconveniencies of [this] litigation." Fernandez, 118 D.P.R. at 718. In conclusion, Rules 44.1(d) and 44.3 of the Puerto Rico Rules of Civil Procedure provide the basis for an award for attorney's fees and the imposition of prejudgment interests. See Alyeska Pipeline Serv. Co. vs. Wilderness Soc'y, 421 U.S. 240, 260 n. 31 (1975) ("In an ordinary diversity case where the state law does not run counter to a valid federal statute or rule of court . . . . state law denying the right to attorney's fees or giving a right thereto, which reflects a substantial policy of the state, should be followed.").

### CONCLUSION

For the reasons stated above, the Court hereby **GRANTS** Plaintiff's Motion for Attorney's Fees in the amount **$16,662.84,** as indicated in the Statement Under Penalty of Perjury in Support of Lincoln's Motion for Attorney's Fees. (Docket No. 33; Ex. 1).

Civil No. 12-1895(JAG) 7

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 5th day of December, 2014.


                                        S/ Jay A. Garcia-Gregory
                                        JAY A. GARCIA-GREGORY
                                        United States District Judge